IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER CROMARTIE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:19-cv-568-ECM-SMD |
| | ) |
| JONATHAN BIRMINGHAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I.   INTRODUCTION**

*Pro se* plaintiff Jennifer Cromartie (Cromartie) is a corrections officer employed by the Alabama Department of Corrections (DOC) at Julia Tutwiler Prison for Women (Tutwiler) in Wetumpka, Alabama.  2d Amd. Compl. (Doc. 54) at ¶¶ 3-4.  Plaintiff brings claims against sixteen of her fellow DOC corrections officers seeking damages "in excess of 20 million dollars plus treble."  *Id.* at 39.  She alleges that "the purpose of this suit was because the defendant[s] did not adhere to the [DOC's] policies[,] rules and regulations." *Id.* at ¶ 4.  Plaintiff is now on her third complaint.  The undersigned's order allowing plaintiff to amend her complaint a second time specified that "Cromartie's second amended complaint should clearly explain how the factual allegations support each claim,  and should specify exactly which claims she is asserting against which defendants."  (Doc. 51) at 2.  It also warned that "**Plaintiff is advised that the Court is granting her leave to amend her complaint for a second time, and  therefore, absent extraordinary**

**circumstances, will permit no further amendments to her complaint.**" *Id.* at 3 (emphasis original). Plaintiff's prolix and confusing 41-page second amended complaint is a shotgun pleading that completely fails to correct the deficiencies noted in the Court's order and fails to comply with the federal pleading standard.

Pending before the Court are a motion to dismiss for failure to state a claim by defendant Shakita Bozeman (Doc. 59) and a separate, similar motion filed by the other fifteen defendants. (Doc. 57). Defendants' motions are well taken, and plaintiff's second amended complaint (Doc. 54) is due to be DISMISSED in its entirety WITH PREJUDICE as a shotgun pleading pursuant to Fed. R. Civ. P. 8(a)(2), 8(d)(1), and 10(b) for failing to comply with the federal pleading standard; and pursuant to Rule 12(b)(6) for failure to state a claim.

## II. LEGAL STANDARD

### Pleading Standard

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, Rule 10 requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Supreme Court explains that "the pleading standard Rule 8 announces does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Id.* (internal quotes omitted).  A complaint must contain enough well-pleaded facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

     **Failure to State a Claim**

  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level."  *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim.  *Iqbal*, 566 U.S. at 678 (*quoting Twombly*, 556 U.S. at 555).  The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential [factual] allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (internal quotes and citation omitted).  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678.

  To determine whether plaintiff has stated a claim, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then, if there are any well-pleaded factual allegations remaining, assume their veracity and decide "whether they plausibly give rise to an entitlement to relief."  *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotes and citation omitted).  "The plausibility

standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

## IV.     ANALYSIS

### 1.     Shotgun Pleading

Plaintiff's second amended complaint (the "complaint") is anything but a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rather, it is a quintessential shotgun pleading. The complaint totals 41 pages; is divided into 106 numbered paragraphs; and is supported by seventeen attached exhibits. 2d Amd. Compl. (Doc. 54); (Docs. 54-1 – 54-13). The complaint names sixteen separate defendants, but only lists their last names and alleges that they are employees of Tutwiler Prison. 2d Amd. Compl. (Doc. 54) ¶¶ 3, 4. It pleads seventeen individual counts (some of which are mis-numbered) but fails to clearly identify which defendants are sued on which counts. *See, e.g, Weiland v. Palm Beach Cty Sheriff's Offc.,* 702 F.3d 1313, 1323 (11th Cir. 2015) ("asserting multiple claims against multiple defendants without specifying . . . which of the defendants the claim is brought against" is a hallmark of shotgun pleadings). This is one of the deficiencies the undersigned specifically ordered plaintiff to correct in his prior order, and she has not done so. *See* (Doc. 51) at 2.

In addition, each of plaintiff's seventeen counts repeats and realleges every paragraph that preceded it. 2d Amd. Compl. (Doc. 54) at ¶¶ 30, 44, 46, 55, 68, 69, 71, 75, 77, 84, 85, 87, 89, 90, 99, 103. The Eleventh Circuit explains that "adopt[ing] the

allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" is another hallmark of a shotgun pleading. *Weiland,* 702 F.3d at 1321. Such complaints "fail[] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. The undersigned ordered plaintiff to "clearly explain how the factual allegations support each claim." *See* (Doc. 51) at 2. Instead, she intentionally incorporates her entire rambling complaint on each of her seventeen separate counts.

To decipher this pleading the Court would have to sift through every line in 41 pages searching for any factual nuggets hidden among the lengthy conclusory statements, naked assertions, legal arguments, and citations to authority. The Court has no obligation to do so and cannot reasonably perform its duty of eliminating mere legal conclusions and separating them from any well-pleaded facts on the basis of this shotgun pleading. *Iqbal*, 566 U.S. at 679; *Amer. Dental Assoc.*, 605 F.3d at 1290. Well-pleaded facts are the basic five W's: who, what, where, when, why; and how. Rule 8(d)(1) mandates that "each allegation must be simple, concise, and direct." There are no simple, concise, and direct allegations of fact to be found anywhere in this complaint

The Eleventh Circuit instructs that, "[b]y attempting to prosecute an incomprehensible pleading to judgment, the plaintiff[] obstruct[s] the due administration of justice in the District Court," and "[t]olerating such behavior constitutes toleration of obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1352, 1357 (11th Cir. 2018). The undersigned does not intend to tolerate obstruction of justice, and the

Eleventh Circuit holds that a "district court does not abuse its discretion in dismissing [a] case *with prejudice* on shotgun pleading grounds" when a plaintiff fails to remedy the defects in a complaint after fair notice and an opportunity to replead through an order for a more definite statement or similar order. *Id.* at 1358 (emphasis added). Although *pro se* pleadings are entitled to some leniency, the Court may not "serve as *de facto* counsel for a party or [] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted). The Court would be improperly assuming the role of plaintiff's counsel if it were to try to transform, through artful construction, this incomprehensible shotgun pleading into a well-pleaded claim for relief.

    **2.    Failure to State a Claim**

        **A.    Federal Claims**

In addition to failing to meet the federal pleading standard, a cursory review of plaintiff's purported claims shows that they fail as a matter of law. As best as the Court can understand, this entire lawsuit apparently stems from two allegedly threatening comments made by defendant Bozeman while working at Tutwiler that "yall better come get Sergeant Cromartie before something bad happens to her" and "if I wanted to do something to her I would have done it by now." 2d Amd. Compl. (Doc. 54) ¶¶ 3, 71, 72. On their face, neither statement seems to constitute an imminent threat, but rather mild rudeness or insubordination. Plaintiff is apparently upset with the way Tutwiler staff

6

treated her vis-à-vis Bozeman at work. However, these allegations do not support a claim in federal court.

Counts I-IV and XIII-XV all appear to be civil rights claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"). Plaintiff here sues 16 individual Tutwiler corrections officers. 2d Amd. Compl. (Doc. 54) ¶ 3. However, Title VII creates a cause of action against the employer, not against the individual employees whose actions allegedly violated the Act. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). In addition, Title VII is designed to protect victims of discrimination based on race, color, sex, national origin or religion. 42 U.S.C. § 2000e-2. Here, plaintiff alleges that "the purpose of this suit was because the defendant[s] did not adhere to the Alabama [DOC's] policies[,] rules and regulations." 2d Amd. Compl. (Doc. 54) ¶ 4. She does not clearly allege that she was discriminated against due to her race, color, sex, national origin, or religion, and the Court will not rewrite her complaint to state a Title VII claim. "Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII." *Coutu v. Marin Cty. Bd. of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995). Thus, plaintiff's attempt to state claims under Title VII fails as a matter of law.

Count V is for "Violation of Whistle Blower." 2d Amd. Compl. (Doc. 54) ¶¶ 62-67. Plaintiff is apparently referring to the Federal Whistleblower Protection Act of 1989. 5 U.S.C. § 1213 *et seq.* This statute protects Federal employees who make certain qualifying disclosures. *Id.* It does not apply to State employees such as plaintiff.

7

Moreover, plaintiff alleges that "[a]ll Defendants had the options to report threats that they were aware of and failed to do so." 2d Amd. Compl. (Doc. 54) ¶ 64. The statute does not compel disclosure; instead, it protects Federal employees who make certain disclosures. Therefore, this claim also fails as a matter of law. Despite its length, plaintiff has not alleged a viable federal claim in her 41-page, 17-count Second Amended Complaint.

### B.     State-law Claims

Plaintiff's State-law claims are also facially deficient. Count VI is a State-law claim for "Breach of Contract" but it contains no allegations concerning any contract. *Id.* at ¶ 68. Count VII is a claim for "Breach of Fiduciary Dutys [sic.]" but it fails to identify a fiduciary. *Id.* at ¶ 70. Counts VIII, Verbal Threats of Violance [*sic*.], Alabama Code 13A-5-7; XII, Conspiracy to Comit [*sic*.] Bodily Harm, 13A-5-7 Alabama Code; and XIV, Hostile Work Environment, 13A-5-7, are all apparently premised on alleged violations of Alabama criminal statutes. However, the Alabama Supreme Court has held that violation of a State criminal statute does not create a private right of action. *See, Prill v. Marrone*, 23 So. 3d 1, 11 (Ala. 2009) ("alleging only that [] criminal acts were committed and that [plaintiffs] were thereby injured did not state a civil cause of action") (internal quotes and citation omitted).

Counts IX (misnumbered XI), Filing False Statement, Tutwiler Rules and Regulations, and X, Unfair Labor Practice, Tutwiler Rules and Regulations, are premised on alleged violations of State prison rules and regulations. Plaintiff does not identify which rules and regulations were supposedly violated or show that these unidentified regulations

give rise to a private cause of action. *See, Rowe v. Mentor Worldwide, LLC,* 297 F. Supp. 3d 1288, 1297 (M.D. Fla. 2018) (holding that violation of a regulation does not create civil liability absent evidence of legislative intent to create a private cause of action).

Count XI is for Defamation of Character. 2d Amd. Compl. ¶ 84. It alleges in its entirety that "Defendant Goodsen claimed that the plaintiff had serious communication issues." *Id.* To establish a defamation claim under Alabama law, "the plaintiff must show that the defendant was at least negligent in publishing a false and defamatory statement to another concerning the plaintiff which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)." *Butler v. Town of Argo*, 871 So. 2d 1, 16 (Ala. 2003) (internal quotes and citations omitted). Plaintiff here fails to allege negligence, publication, or special harm, and Count XI therefore fails to state a defamation claim.

Finally, Counts XIV (misnumbered as second XIII) and XVI are based upon allegations that Bozeman said, "if I wanted to do something to her I would have done it by now" and that "Bozeman and other officer would point and laugh at the plaintiff[.]" 2d Amd. Compl. ¶¶ 89, 104. Plaintiff styles these counts as "Meance" and "Intimedaation" which are presumably meant to be Menace and Intimidation. *Id.* at pp. 34, 38. It does not appear that Alabama recognizes a separate cause of action for either menace or intimidation.[1] However, some menacing and intimidating behavior is actionable as the tort

---

[1] Generally, the tort of menace requires a threat. *See, Jones v. Fluor Daniel Servs. Corp.*, 30 So. 3d 417, 422 (Miss. 2010).

of civil assault.  A civil "assault consists of an intentional, unlawful, offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." *Allen v. Walker*, 569 So. 2d 350, 351 (Ala. 1990) (internal quotes and citations omitted).  Bozeman's alleged statement here indicates that she *does not* intend to harm plaintiff and laughing and pointing hardly constitutes an imminent threat.  Liberally interpreting these two counts as an attempt to state a civil assault claim, plaintiff's allegations fail to establish any of the necessary elements.  Accordingly, each of plaintiff's State-law counts fails to state a claim under Alabama law.

## V.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that defendants' motions to dismiss (Docs. 57 & 59) be GRANTED and that plaintiff's Second Amended Complaint (Doc. 54) be DISMISSED in its entirety with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 13, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 30th day of July, 2020.

                                           /s/ Stephen M. Doyle
                                           UNITED STATES MAGISTRATE JUDGE