IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER CROMARTIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:19-cv-568-ECM |
| ) | (WO) |
| JONATHAN BIRMINGHAM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 71) which recommends that the Defendants' motions to dismiss (docs. 57 and 59) be granted and the Plaintiff's second amended complaint dismissed with prejudice. (Doc. 71 at 10). On August 14, 2020, the Plaintiff filed "an answer" to the Recommendation which the Court construes as objections to the Recommendation. (Doc. 72).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and

Recommendation is reviewed for clear error. *Id.*

The Court has carefully reviewed the Recommendation of the Magistrate Judge, and the Plaintiff's objections. In her objections, the Plaintiff simply objects to the dismissal of her complaint without any specificity and without stating the bases for her objections. *See* Doc. 72. She does not point to any legal error committed by the Magistrate Judge but seeks instead permission to file an amended complaint. (*Id.*) Consequently, the Recommendation is reviewed for clear error, and the Court finds that the Plaintiff's objections are due to be overruled.

To the extent that the Plaintiff seeks permission to amend her complaint rather than suffer dismissal because the Court did not warn her that her complaint could be dismissed for failing to properly plead her claims, the Court concludes that amending the complaint at this juncture would be futile. (Doc. 72 at 9) (requesting "to have one last chance to amend her Complaint, such that it conforms to the Rules and orders").

Under Fed. R. Civ. P. 15(a)(2), a "court should freely give leave to amend when justice so requires." While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996). "A district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 1001) (citing *Foman*, 371 U.S. at 182).

In her second amended complaint, the Plaintiff alleges seventeen causes of action against the sixteen named Defendants. The Plaintiff labels each cause of action; however, she must do more than simply assert that she is entitled to relief under a particular theory. "[A] plaintiff's obligation to provide the 'grounds' of h[er] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)0. Simply stating that the defendants violated her rights or using legal terms is insufficient as a matter of law to state viable claims against the defendants.

Under the circumstances, and because the Plaintiff twice amended her complaint but has been unable to properly plead her claims, the Court concludes that allowing the Plaintiff to amend the complaint again would be futile. *See Foman*, 371 U.S. at 182 (holding that leave to amend need not be given when the amendment would be futile).

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. the Plaintiff's objections (doc. 72) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 71) is ADOPTED;

3. the Defendants' motions to dismiss (docs. 57 and 59) are GRANTED;

4. judgment is GRANTED in favor of the Defendants;

5. this case is DISMISSED with prejudice; and

6. the parties shall bear their own costs.

A final judgment will be entered.

DONE this 14th day of October, 2020.

  /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE